**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1533-17T1

PIZZA KING, INC., and
FIVE B CORPORATION,

     Plaintiffs-Respondents,

v.

THEOCHARI, INC., MARIA
HADJIYEROU and HARRY
HADJIYEROU,

     Defendants/Third-Party
     Plaintiffs-Appellants,

v.

NATALINA BRUSCO,

     Third-Party Defendant.

_____

        Submitted November 19, 2019 – Decided December 3, 2019

        Before Judges Fisher and Rose.

        On appeal from the Superior Court of New Jersey,
        Law Division, Bergen County, Docket No. L-8204-15.

        George J. Cotz, attorney for appellants.

Kates Nussman Ellis Farhi & Earle, LLP, attorneys for respondents (Zachary M. Rosenberg, on the brief).

PER CURIAM

Plaintiff Five B Corporation owns commercial property on Abbott Boulevard in Fort Lee that consists of five apartments and two stores; plaintiff Pizza King, Inc. owned and operated a pizzeria in the premises. In 2013, Pizza King sold its business to defendant Theochari, Inc., for $90,000 plus inventory; their contract required Theochari's payment of $10,000 at the time of signing and $15,000 at the time of closing. Theochari was also required to provide a $65,000 five-year promissory note at closing. In accordance with their agreement, Five B leased Pizza King's premises to Theochari for five years at the monthly rate of $4000. The individual defendants personally guaranteed Theochari's performance of these obligations. The contract documents provided that defendants' default on the lease would trigger a default on the note, and vice versa.

Theochari experienced cash flow problems in the summer of 2014 and failed to pay rent in the fall. Five B and Pizza King (hereafter "plaintiffs") filed a tenancy action in December 2014, asserting Theochari's failure to pay rent in September, October, and November 2014. That complaint also asserted a default on the promissory note.

2

In January 2015, the parties resolved the tenancy matter and entered into a consent judgment that required Theochari to pay the past due rent and the outstanding payments on the promissory note. That total amount was divided roughly in half; the judgment required the first half to be paid on or before January 15, 2015, and the other half three days after plaintiffs repaired the premises.[1] The judgment also contained Theochari's agreement to timely provide the note payments and rent payments going forward; Theochari also agreed to comply with its original obligation under the lease to provide a certificate of insurance.

Theochari and the individual defendants (hereafter "defendants") never made any of the payments required by the consent judgment or as otherwise obligated by the promissory note and the lease; they did not provide the certificate of insurance. And they never inquired whether plaintiff made the repairs required and never resumed operation of the business.

Plaintiffs commenced this action, seeking damages arising from defendants' breach of the settlement agreement, the promissory note, and the lease. After a four-day bench trial, the judge ruled in plaintiffs' favor. As

---

[1] In November 2014, a water leak in an upstairs apartment caused problems for Theochari's business.

 A-1533-17T1

explained in a thorough written decision, the judge found that defendants breached the promised they made in the contract documents, that plaintiffs made timely repairs of the premises, and that plaintiffs reasonably attempted to mitigate damages after defendants breached. In a later written opinion, the judge quantified the counsel fees to which plaintiffs were entitled.

Defendants appeal, arguing:

> I.   STANDARD OF REVIEW.
>
> II.  [NATALINA] BRUSCO[2] WAS NOT A CREDIBLE WITNESS.
>
> III. PLAINTIFF CANNOT RECOVER DAMAGES FOR BREACH OF THE LEASE BECAUSE IT DID NOT MAKE REASONABLE EFFORTS TO MITIGATE.
>
> IV.  PLAINTIFF BREACHED THE LEASE BY ALLOWING THE PREMISES TO REMAIN UNINHABITABLE THEREBY EXCUSING DEFENDANTS' DEFAULT.
>
> V.   PLAINTIFF EXERCISED ITS RIGHT TO A STRICT FORECLOSURE AGAINST THE COLLATERAL.
>
> VI.  TO THE EXTENT CONTRACTUAL DAMAGES ARE REDUCED, COUNSEL FEES MUST ALSO BE REDUCED.

---

[2] Natalina Brusco was a principal in these entities.

We find insufficient merit in these arguments to warrant further discussion in a written opinion, <u>R.</u> 2:11-3(e)(1)(E), and affirm substantially for the reasons set forth in Judge Mary F. Thurber's thorough and well-reasoned written opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1533-17T1